## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

MACARIO RUIZ,

        Plaintiff,

v.

FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., a Georgia corporation,

        Defendant.

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Macario Ruiz, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Financial Asset Management Systems, Inc., is a Georgia corporation operating from an address at 1967 Lakeside Parkway, Suite 402, Tucker, Georgia, 30084.

7. The Defendant's registered agent in the state of Colorado is Allen Stokes, Esq., 1776 S. Jackson Street, Suite 900, Denver, CO 80210.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant is licensed as a collection agency by the state of Colorado.

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

11. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

12. Sometime before June 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

13. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The Account went into default with the original creditor.

15. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from the Plaintiff.

16. In the year prior to the filing of the instant action the Plaintiff received telephone calls from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. These telephone calls

each individually constituted a "communication" as defined by FDCPA § 1692a(2).

17. During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiff's wages.

18. In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff at his place of employment after the Plaintiff told them not to call him at work and that he could get in trouble at work for the phone calls at work.

19. The Defendant has not filed any legal action(s) against the Plaintiff.

20. The Defendant has not received any judgment(s) against the Plaintiff.

21. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

22. The Defendant and its representatives, employees and / or agents statements and actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1) and c(a)(3).

23. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

24. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(10) and e(11).

25. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

26. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

27. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

28. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

29. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

30. The representatives and / or collectors at the Defendant were acting within the course and scope of their employment at all times mentioned herein.

31. The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

32. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

33. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

34. The previous paragraphs are incorporated into this Count as if set forth in full.

35. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(1), c(a)(3), § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(10), e(11) and § 1692f preface.

36. The Defendant's violations are multiple, willful and intentional.

37. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff